# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

CALVIN THOMAS ELAM,

                Petitioner,

v.

CALVIN JOHNSON,[1] et al.,

                Respondents.

Case No. 2:23-cv-02137-GMN-EJY

**ORDER TO SHOW CAUSE**

*Pro se* Petitioner Calvin Thomas Elam filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 ("Petition"), a Motion for Leave to Proceed *in forma pauperis* ("IFP"), and a Motion for the Appointment of Counsel. (ECF No. 2, 2-1, 2-2.) This Court ordered Elam to file his missing IFP application documents. (ECF No. 4.) Following two motions for extension of time, Elam finally complied on March 1, 2024. (ECF No. 5, 7, 8.) Now, this matter now comes before the court for initial review of the Petition under the Rules Governing Section 2254 Cases. For the reasons discussed below, the Court orders Elam to show cause why his Petition should not be dismissed as time-barred. The court defers ruling on Elam's Motion for Appointment of Counsel until after he responds to this Order.

---

[1] The state corrections department's inmate locator page reveals that Elam is incarcerated at High Desert State Prison. Calvin Johnson is the current warden for that facility. Accordingly, at the end of this Order, this court kindly requests the Clerk of Court to substitute Calvin Johnson as a respondent for Respondent Warden Bean. *See* Fed. R. Civ. P. 25(d).

## I.  BACKGROUND[2]

Elam challenges a conviction and sentence imposed by the Eighth Judicial District Court for Clark County Nevada ("state court"). State of Nevada v. Calvin Elam, C-15-305949-1. On October 31, 2017, the state court entered a judgment of conviction pursuant to a jury trial for Conspiracy to Commit Kidnapping, First-Degree Kidnapping with the Use of a Deadly Weapon, Assault with a Deadly Weapon, and Battery with Intent to Commit Sexual Assault. Elam was sentenced to an aggregate sentence of 13 years to life in prison. Elam appealed, and the Nevada Supreme Court affirmed on April 12, 2019. *Calvin Thomas Elam v. State of Nevada*, 74581. Remittitur issued on May 7, 2019.

On May 27, 2020, Elam filed a state habeas petition. *Calvin Elam v. Warden Bean*, A-20-815585-W. The state court denied post-conviction relief on January 19, 2021. Elam appealed, and the Nevada Supreme Court reversed and remanded on February 17, 2022. *Calvin Thomas Elam v. State of Nevada*, 82637. The Nevada Supreme Court found that the state court abused its discretion in not appointing counsel for Elam's state habeas proceeding. After the remand, the state court appointed counsel for Elam, Elam filed a counseled supplemental petition on June 8, 2022, and the state court again denied Elam postconviction relief on September 16, 2022. Elam appealed, and the Nevada Court of Appeals affirmed on September 13, 2023. *Calvin Thomas Elam v. State of Nevada*, 85421-COA. Remittitur issued on October 9, 2023.

## II.  DISCUSSION

Habeas Rule 4 requires the assigned judge to examine the habeas petition and order a response unless it "plainly appears" that the petition is not entitled to relief. *See Valdez v.*

---

[2] This court takes judicial notice of the online docket records of the Eighth Judicial District Court and Nevada appellate courts. These dockets are found at: https://www.clarkcountycourts.us/portal and http://caseinfo.nvsupremecourt.us/public/caseSearch.do.

*Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019).  This rule allows courts to screen and dismiss petitions that are patently frivolous, vague, conclusory, palpably incredible, false, or plagued by procedural defects. *Boyd v. Thompson*, 147 F.3d 1124, 1128 (9th Cir. 1998); *Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990) (collecting cases).  Elam's Petition appears to suffer from a timeliness defect.

The Antiterrorism and Effective Death Penalty Act ("AEDPA") establishes a 1-year period of limitations for state prisoners to file a federal habeas petition pursuant to 28 U.S.C. § 2254.  The 1-year limitation period begins to run from the latest of four possible triggering dates, with the most common being the date on which the petitioner's judgment of conviction became final by either the conclusion of direct appellate review or the expiration of the time for seeking such review. 28 U.S.C. § 2244(d)(1)(A).  For a Nevada prisoner pursuing a direct appeal, a conviction becomes final when the 90-day period for filing a petition for certiorari in the Supreme Court of the United States expires after a Nevada appellate court has entered judgment or the Supreme Court of Nevada has denied discretionary review. *Harris v. Carter*, 515 F.3d 1051, 1053 n.1 (9th Cir. 2008); *Shannon v. Newland*, 410 F.3d 1083, 1086 (9th Cir. 2005); Sup. Ct. R. 13.  The federal limitations period is tolled while "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2).  But no statutory tolling is allowed for the period between finality of a direct appeal and the filing of a petition for post-conviction relief in state court because no state court proceeding is pending during that time. *Nino v. Galaza*, 183 F.3d 1003, 1006–07 (9th Cir. 1999); *Rasberry v. Garcia*, 448 F.3d 1150, 1153 n.1 (9th Cir. 2006).

Elam's direct appellate review concluded on April 12, 2019, when the Nevada Supreme Court denied the appeal of his conviction.  Elam's conviction became final 90 days later on July

3

11, 2019 when the time expired for filing a petition for writ of certiorari with the United States Supreme Court . The federal statute of limitations began to run the following day: July 12, 2019. Elam timely filed his state habeas petition 320 days later on May 27, 2020, tolling the AEDPA clock. As a result, 320 of his 365 days elapsed between the finality of the judgment and the filing of the state petition. The remaining 45 days of the AEDPA limitation period was statutorily tolled during the pendency of all proceedings related to Elam's state post-conviction petition. Tolling ended on October 9, 2023, when the remittitur issued for the order of affirmance by the Nevada Court of Appeals. The AEDPA clock restarted the following day, October 10, 2023, and expired 45 days later on November 24, 2023. Elam's instant Petition was mailed to this court on December 13, 2023. Because Elam's Petition was mailed 19 days after his AEDPA statute of limitations expired, it appears that the Petition is untimely.

Elam must show cause why the Petition should not be dismissed with prejudice as time-barred. In this regard, Elam is informed that the one-year limitation period may be equitably tolled. Equitable tolling is appropriate only if the petitioner can show that: (1) he has been pursuing his right diligently, and (2) some extraordinary circumstance stood in his way and prevented timely filing. *Holland v. Florida*, 560 U.S. 631, 649 (2010). "[E]quitable tolling is unavailable in most cases." *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999). And "'the threshold necessary to trigger equitable tolling [under AEDPA] is very high, lest the exceptions swallow the rule.'" *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002). Elam ultimately has the burden of proof on this "extraordinary exclusion." *Id*. at 1065. Elam must demonstrate a causal relationship between the extraordinary circumstance and the lateness of his filing. *E.g., Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003); *accord Bryant v. Ariz. Att'y Gen.*, 499 F.3d 1056, 1061 (9th Cir. 2007).

Elam further is informed that, under certain circumstances, the one-year limitation period may begin running on a later date[3] or may be statutorily tolled. And Elam is informed that if he seeks to avoid application of the one-year limitation period by making a claim of actual innocence, he must come forward with new reliable evidence tending to establish actual factual innocence, i.e., tending to establish that no juror acting reasonably would have found him guilty beyond a reasonable doubt. *See McQuiggin v. Perkins*, 569 U.S. 383 (2013); *House v. Bell*, 547 U.S. 518 (2006); *Lee v. Lampert*, 653 F.3d 929 (9th Cir. 2011). In this regard, "'actual innocence' means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623 (1998).

### III. CONCLUSION

It is therefore ordered that the application to proceed *in forma pauperis* (ECF No. 2) is **GRANTED**.

---

[3] 28 U.S.C. § 2244(d)(1) provides as follows:
> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

It is further ordered that the motion for extension of time to file his financial certificate (ECF No. 7) is **GRANTED**.

It is further ordered that Petitioner Calvin Thomas Elam show cause within 60 days of the date of this Order why this action should not be dismissed as untimely. If Elam does not timely respond to this Order or request an extension of time to do so, the Petition will be dismissed without further advance notice. All assertions of fact made by Elam in response to this Show Cause Order must be detailed, must be specific as to time and place, and must be supported by competent evidence.

It is further ordered that the Clerk of Court substitute Calvin Johnson as a respondent for Respondent Warden Bean.

Dated: March 5, 2024

Gloria M. Navarro, Judge
United States District Court