# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

CALVIN THOMAS ELAM,

                       Petitioner,

v.

CALVIN JOHNSON, et al.,

                     Respondents.

Case No. 2:23-cv-02137-GMN-EJY

**DISMISSAL ORDER**

*Pro se* Petitioner Calvin Thomas Elam filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 and a Motion for Appointment of Counsel. (ECF Nos. 2-1 ("Petition"), 2-2 ("Motion").)  Following an initial review of the Petition under the Rules Governing Section 2254 Cases, this Court deferred ruling on the Motion and ordered Elam to show cause why his Petition should not be dismissed as time-barred. (ECF No. 9.)  Elam timely responded, filing a Motion for Order to Show Cause. (ECF No. 14.)  For the reasons discussed below, the Court dismisses the Petition with prejudice as time-barred.

## I.      BACKGROUND[1]

Elam challenges a conviction and sentence imposed by the Eighth Judicial District Court for Clark County ("state court"). *State of Nevada v. Calvin Elam*, C-15-305949-1.  On October 31, 2017, the state court entered a Judgment of Conviction, following a jury trial, for Conspiracy to Commit Kidnapping, First-Degree Kidnapping with the Use of a Deadly Weapon, Assault with a

---

[1]This Court repeats this background section from its Order to Show Cause for clarity purposes.

Deadly Weapon, and Battery with Intent to Commit Sexual Assault.  Elam was sentenced to an aggregate term of 13 years to life in prison.  Elam appealed, and the Nevada Supreme Court affirmed on April 12, 2019. *Calvin Thomas Elam v. State of Nevada*, 74581.  Remittitur issued on May 7, 2019.

On May 27, 2020, Elam filed a state habeas petition. *Calvin Elam v. Warden Bean*, A-20-815585-W.  The state court denied post-conviction relief on January 19, 2021.  Elam appealed, and the Nevada Supreme Court reversed and remanded on February 17, 2022. *Calvin Thomas Elam v. State of Nevada*, 82637.  The Nevada Supreme Court found that the state court abused its discretion in not appointing counsel for Elam's state habeas proceeding.  After the remand, the state court appointed counsel for Elam, Elam filed a counseled supplemental petition on June 8, 2022, and the state court again denied Elam post-conviction relief on September 16, 2022.  Elam appealed, and the Nevada Court of Appeals issued its Order of Affirmance on September 13, 2023. *Calvin Thomas Elam v. State of Nevada*, 85421-COA.  Remittitur issued on October 9, 2023.

## II.    TIMELINESS LEGAL STANDARD

The Antiterrorism and Effective Death Penalty Act ("AEDPA") establishes a 1-year period of limitations for state prisoners to file a federal habeas petition pursuant to 28 U.S.C. § 2254.  The 1-year limitation period begins to run from the latest of four possible triggering dates, with the most common being the date on which the petitioner's judgment of conviction became final by either the conclusion of direct appellate review or the expiration of the time for seeking such review. 28 U.S.C. § 2244(d)(1)(A).  For a Nevada prisoner pursuing a direct appeal, a conviction becomes final when the 90-day period for filing a petition for certiorari in the Supreme Court of the United States expires after a Nevada appellate court has entered judgment or the Nevada Supreme Court has denied discretionary review. *Harris v. Carter*, 515 F.3d 1051, 1053 n.1 (9th

Cir. 2008); *Shannon v. Newland*, 410 F.3d 1083, 1086 (9th Cir. 2005); Sup. Ct. R. 13. The federal limitations period is tolled while "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). No statutory tolling is allowed for the period between finality of a direct appeal and the filing of a petition for post-conviction relief in state court because no state court proceeding is pending during that time. *Nino v. Galaza*, 183 F.3d 1003, 1006–07 (9th Cir. 1999); *Rasberry v. Garcia*, 448 F.3d 1150, 1153 n.1 (9th Cir. 2006).

## III.    DISCUSSION

Elam's direct appellate review concluded on April 12, 2019, when the Nevada Supreme Court denied the appeal of his Judgment of Conviction. Elam's conviction became final 90 days later on July 11, 2019, when the time expired for filing a petition for writ of certiorari with the United States Supreme Court. The federal statute of limitations began to run the following day: July 12, 2019. Elam timely filed his state habeas petition on May 27, 2020, tolling the AEDPA clock. As a result, 320 days elapsed between the finality of the Judgment of Conviction and the filing of the state petition. The remaining 45 days of the AEDPA limitation period was statutorily tolled during the pendency of all proceedings related to Elam's state post-conviction petition. Tolling ended on October 9, 2023, when the Nevada Supreme Court issued its remittitur for the Order of Affirmance. The AEDPA clock restarted the following day, October 10, 2023, and expired 45 days later on November 24, 2023. Elam's instant Petition was mailed to this Court on December 13, 2023. Because Elam's Petition was mailed 19 days after his AEDPA statute of limitations expired, the Petition is untimely.

Given these facts, this Court ordered Elam to show cause why his Petition should not be dismissed with prejudice as time-barred. (ECF No. 9.) In response, Elam acknowledges that his

Petition is untimely, but he argues that he is entitled to equitable tolling because (1) he was hindered from access to the law library due to the Covid-19 pandemic, especially from January 2021 through June 2023, when "Title 42" was implemented, (2) he was a participant in the Behavioral Module Unit at High Desert State Prison from April 2022 through January 2024, meaning he did "not have an abstract, freestanding, right to the law library," and (3) his state habeas attorney failed to timely delivery legal mail to him in October and November 2023. (ECF No. 14.)

Equitable tolling is appropriate only if the petitioner can show that (1) he has been pursuing his rights diligently, and (2) some extraordinary circumstance stood in his way and prevented timely filing. *Holland v. Florida*, 560 U.S. 631, 649 (2010).  To satisfy the first element, the petitioner "must show that he has been reasonably diligent in pursuing his rights not only while an impediment to filing caused by an extraordinary circumstance existed, but before and after as well, up to the time of filing." *Smith v. Davis*, 953 F.3d 582, 598–99 (9th Cir. 2020).  To satisfy the second element, the petitioner must show that the "extraordinary circumstances" were the *cause* of his untimeliness. *Grant v. Swarthout*, 862 F.3d 914, 926 (9th Cir. 2017).  In other words, the petitioner "must show that some external force caused his untimeliness, rather than mere oversight, miscalculation or negligence." *Velasquez v. Kirkland*, 639 F.3d 964, 969 (9th Cir. 2011) (internal quotation marks omitted).  "[E]quitable tolling is unavailable in most cases." *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999).  And "'the threshold necessary to trigger equitable tolling [under AEDPA] is very high, lest the exceptions swallow the rule.'" *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002) (alteration in original).  The petitioner ultimately "bears the burden of showing that this extraordinary exclusion should apply to him." *Id*. at 1065.

First, regarding the Covid-19 pandemic and Elam's participation in the Behavioral Module Unit, both of which limited his access to the law library and needed legal resources, this Court acknowledges and appreciates the struggles that prisoners face in conducting their legal matters with limited access to legal materials. However, importantly, Elam fails to demonstrate that his limited access to the law library and legal resources prevented from filing his federal habeas petition. *See Ramirez v. Yates*, 571 F.3d 993, 998 (9th Cir. 2009) (holding that petitioner's stay in administrative segregation with limited access to the law library and a copier did not justify equitable tolling because it was neither "extraordinary" nor did it make it "impossible" for him to file his petition in a timely manner); *Frye v. Hickman*, 273 F.3d 1144, 1146 (9th Cir. 2001) (explaining that the Ninth Circuit Court of Appeals has "rejected the argument that lack of access to library materials automatically qualified as grounds for equitable tolling"). This Court received filings from *pro se* petitioners incarcerated in the Nevada Department of Corrections during the Covid-19 pandemic, negating a finding that it was impossible for Elam to file legal documents. Indeed, Elam was able to file his state habeas petition on May 27, 2020, during the height of the Covid-19 pandemic lockdowns. Additionally, Elam's state habeas proceedings were taking place during the entirety of "Title 42," which allegedly resulted in further lack of access to the law library, so Elam's AEDPA limitations period was already statutorily tolled during this time. Finally, regarding reasonable diligence in pursuing his rights, Elam fails to show that he submitted any grievance, inmate request forms, or complaints regarding a lack of access to the law library, to legal materials, or to the ability to file documents. For these reasons, Elam fails to demonstrate that he is entitled to equitable tolling due to his limited access to the law library and legal resources.

Second, regarding his state habeas attorney's failure to timely deliver legal mail to him, Elam fails to explain what legal mail he received in an untimely manner or the extent of the

untimeliness.  This Court surmises that Elam may be alleging that his state habeas attorney failed to give him notice of the Nevada Court of Appeals' Order of Affirmance, which would potentially entitle him to equitable tolling. *See Fue v. Biter*, 842 F.3d 650, 653 (9th Cir. 2016) ("We have previously held that a petitioner's lack of knowledge that his state habeas petition has been denied can constitute an extraordinary circumstance that prevents timely filing.").  However, the Nevada Court of Appeals issued their Order of Affirmance on September 13, 2023, before the period— October and November 2023—that Elam alleges that he was not timely receiving legal mail.  This Court is only aware of the Nevada Supreme Court's remittitur falling within the October and November 2023 timeframe, but the Nevada Supreme Court's remittitur merely contains "[a] certified copy of the judgment and opinion of the court." Nev. R. App. Pro. 41 (a)(2).  Because Elam received notice of the adverse ruling on his post-conviction appeal when the Order of Affirmance was issued, he fails to demonstrate that he is entitled to equitable tolling due to the alleged untimely delivery of his legal mail.

In sum, because (1) Elam filed his Petition after his AEDPA deadline had already expired, and (2) he has not demonstrated that he is entitled to equitable tolling, Elam's Petition is time-barred.  This Court dismisses the Petition with prejudice.  Because Elam's Petition is time-barred, this Court denies his Motion for Appointment of Counsel.

**IV.    CONCLUSION**

It is therefore Ordered that the Petition [ECF No. 2-1] is dismissed with prejudice as time-barred.

It is further Ordered that the Motion for Appointment of Counsel [ECF No. 2-2] is denied.

It is further Ordered that the Motion for Order to Show Cause [ECF No. 14] is denied.

It is further Ordered that a Certificate of Appealability is denied as reasonable jurists would not find the dismissal of the Petition as time-barred to be debatable or wrong.

It is further Ordered that the Clerk of Court (1) add Nevada Attorney General Aaron D. Ford as counsel for Respondents,[2] (2) provide the Nevada Attorney General with copies of the Petition (ECF No. 2-1), this Order, and all other filings in this matter by regenerating the notices of electronic filing, (3) enter final Judgment dismissing this action with prejudice, and (4) close this case.

Dated: July 23, 2024

_____
Gloria M. Navarro, Judge
United States District Court

---

[2]No response is required from Respondents other than to respond to any orders of a reviewing court.